### THE WESTERN METROPOLIS.

Where it appeared by affidavits filed by the appellant, who was claiman t
below, in a collision case, that it was probable that two witnesses for
the libellant received, before testifying, a promise from him for the pay-
ment of a sum of money in the event that the case should be decided in
his favor, and that the appellant ascertained the fact after the appeal,
the court ordered a commission, under the 12th rule, to take the testi-
mony of such witnesses relative to said agreement.

ON motion.—John Low, Jr., had libelled the steamer Western Metropolis, in the District Court at New York, for damages sustained by a collision between that steamer and the schooner Triumph, owned by the libellant.

The District and Circuit Courts decreed in his favor, and the owner of the steamer appealed to this court.

*Mr. Hubley Ashton*, counsel of the appellant, now filed an affidavit of that party, stating that since the taking and per-fecting of the appeal he had learned that two of the witnesses for the schooner in the District Court, the master and the mate of that vessel, had received from the libellant, John Low, Jr., before giving their testimony, an agreement for the payment of a sum of money on the contingency and in the event that the case should be decided in favor of the libellant and he should receive the damages claimed.

On this affidavit a motion was made, on behalf of the ap-pellant, that a commission be issued under the 12th rule of this court,* to take the testimony of the master and mate of the Triumph as to the alleged agreement.

The application, it was contended, was brought by the affidavit of the appellant within the rule laid down in the case of *The Mabey*.†

On the hearing of the motion, *Mr. E. C. Benedict, for the*

---

* This rule declares that "in all cases where further proof is ordered by the court, the depositions which shall be taken shall be by a commission, to be issued from this court, or from any Circuit Court of the United States."

† 10 Wallace, 419.

*appellee,* filed counter-affidavits of Low and the witnesses, denying that the agreement referred to was given for the purpose of influencing the testimony of the witnesses, but merely for the purpose of securing their attendance and compensating them for the time and money expended in attending to give their evidence.

At a subsequent day the CHIEF JUSTICE announced the order of the court,

GRANTING THE MOTION.

---

### PARKER *v.* LATEY.

Writ of error to a Circuit Court in an ejectment dismissed, where the record stated that the land for which the suit was brought was " of the value of $500 and over."

ERROR to the Circuit Court for the District of Nebraska.

Parker brought ejectment against Latey to recover possession of a certain tract of land situate in the city of Omaha, in the State of Nebraska, described in the declaration, and there stated to be of " the value of $500 and over." Verdict and judgment were for the defendant, and the plaintiff sued out this writ of error.

*Mr. J. J. Redick, for the defendant in error,* moved to dismiss the case for want of jurisdiction; the Judiciary Act giving jurisdiction to this court on writs of error to Circuit Courts only " where the matter in dispute exceeds the sum or value of $2000."

Mr. Justice CLIFFORD delivered the opinion of the court.

Objection is made by the defendant that the matter in controversy does not exceed two thousand dollars, and upon an examination of the record the objection appears to be well founded. Enough must appear to show affirmatively